UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Justo Melendez,<br><br>       Plaintiff,<br><br>     v.<br><br>The City of Perth Amboy; Perth Amboy Police Department; Luis Corro in his official capacity as Sergeant of the Perth Amboy Police Department; Officer Jorge E. Figueroa, Badge # unknown; John Doe 1-10; and State Agency 1-10,<br><br>       Defendants. | Civil Action: Violation of Civil Rights<br><br><br>Index No.:<br><br><br><br>COMPLAINT |

Plaintiff Justo Melendez, by and through his attorneys at the Freeman & Patel LLC, by way of Complaint against the defendants appears and says as follows:

NATURE OF THE CASE, JURISDICTION AND VENUE

1. This is a civil action brought, inter alia, by plaintiff for violation of his civil rights by the wrongful action of police officers.  More specifically, plaintiff alleges that each of the defendants violated one or more provisions of Federal or State law including 42 U.S.C. § 1983  and § 1988, U.S. Const. amend. IV and XI, as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq. This Complaint alleges that by virtue of their wrongful conduct, Defendants are liable to Plaintiff jointly and severally for actual damages, attorney fees, and punitive damages as the Court sees fit.

1

2. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 and §1343 as this is an action to redress violations of the plaintiff's rights pursuant to the Federal Constitution and Federal law, and the fact that the amount in controversy (i.e. damages) exceeds $100,000.00. Jurisdiction over the State law claims is premised upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

3. Venue of this Court is premised upon the residences of the various parties as well as the location of the acts which form the basis of the instant suit, pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## PARTIES

4. At all times relevant herein, plaintiff is a natural person who resides in Perth Amboy, New Jersey. Plaintiff is a legal resident of the United States and the State of New Jersey.

5. At all times relevant herein, defendant City of Perth Amboy was a municipal corporation duly incorporated under the laws of the State of New Jersey.

6. At all times relevant herein defendant Perth Amboy Police Department is a local/municipal agency/entity which is legally answerable to Plaintiff on the charges herein claimed.

7. At all times relevant herein, defendant Luis Corro is a natural person and is employed as a Sergeant of the Perth Amboy Police Department. He is sued in his official capacity only.

8. At all times relevant herein defendant Jorge E. Figueroa (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

9. At all times relevant herein defendant Adrian Reynoso (Badge Number Unknown) is a natural person and is employed as a police officer by the Perth Amboy Police Department. He is sued in his official capacity and individually.

10. John Doe 1-10 are fictitious names used to identify defendant natural persons whose identities are presently unknown.

11. Agency 1-10 are fictitious names used to identify defendant agencies and/or entities whose identities are presently unknown.

12. The police officers and detectives herein sued were all acting under color of State law as duly appointed active-duty members of the Perth Amboy Police Department, and in such capacity were the agents, servants, and employees of defendant Perth Amboy Police Department.

## STATEMENT OF FACTS

13. On or about December 28, 2023 plaintiff was brutally assaulted by Perth Amboy Police Officers Jorge E Figueroa, Adrian Reynoso and Sergeant Luis Corro and others in the context of an effort to issue a non-moving motor vehicle infraction involving Plaintiff.

14. More specifically, Officer Jorge E. Figueroa was patrolling the area of Smith St. and Madison Ave. in an unmarked police vehicle when he spotted a black Honda Civic with presumably black tints on the windows. Officer Figueroa stopped the above-mentioned

3

vehicle at a box junction on the side of a four-way intersection in front of a busy shopping district with oncoming traffic and foot traffic on either side of the road. Plaintiff who is a rightful owner of the mentioned vehicle was stopped to conduct a motor vehicle stop.

15. Plaintiff was pulled out of his car by the officers using excessive force.

16. Sergeant Corro repeatedly and forcefully reached into Plaintiff's car, trying to grab him from his collar and choking plaintiff.

17. Plaintiff was not notified of the reason why he was being placed under arrest, he was just informed that he was being placed under arrest. Officers cornered Plaintiff inside his vehicle, where it can be found on video recording that plaintiff screamed "assault" and "help" as officers grabbed to pull him out of his vehicle.

18. One of the officers aggressively pointed his finger in the plaintiff's face and shouted at him to "get out." Plaintiff attempted to loosen his belt but Sargeant Corro grabbed him.

19. The officer's pulled Plaintiff out of his car, at which time Plaintiff hit the top of his head against the top of the driver side of the car then the asphalt.

20. Another officer entered Plaintiff's vehicle through the passenger side and forcefully pushed Plaintiffs head, neck, and upper shoulder to the driver side door.

21. Officer Figueroa pushed Plaintiff and Sergeant Corro grabbed him under the belt and multiple other hands grabbed Plaintiff, pulling him out of the car by his arm and the front of his hoodie.

22. Officer Figueroa, along with Sergeant Corro assisted by Officer Reynoso and three

4

unidentified officers forcefully extracted Plaintiff from his vehicle, using unnecessarily excessive force in the process, resulting in bodily injury to the Plaintiff.

23. The multiple officers wrestled Plaintiff out of the car then threw him onto the road. Plaintiff hit his head onto the asphalt.

24. Plaintiff while attempting to shield an open wound on his head was then pushed into the asphalt and his hands were forcefully twisted behind his back and cuffed to his back.

25. As Officer Reynoso pushed his knee into Plaintiffs left shoulder joint and left lower back and he put cuffs on Plaintiff.

26. As a direct and proximate result of the Officers' actions, Plaintiff has suffered severe injuries including open wound on his forehead, contusions on his hand, and a rotator cuff tear on his left shoulder, injuries to the cervical spine, and multiple other injuries.

27. To this day the plaintiff continues to suffer physical, mental, and emotional injury as well as other damages as a direct and proximate result of the defendants' wrongful acts.

### ADDITIONAL FACTS REGARDING LIABILITY

28. Defendant Perth Amboy Police Department, acting through its Sergeant Luis Corro, is the ultimate policymaking authority for the policies and procedures officially adopted and implemented by the employees of Perth Amboy Police Department, including the officers named in the complaint.

29. Defendant Perth Amboy Police Department is also legally responsible for the hiring, training, retention, supervision, and discipline of all its employees.

30. Defendant Perth Amboy Police Department is also legally responsible for the acts of all

its employees related to the scope of their employment, under theories of agency, respondent superior, vicarious liability, and related legal principles.

31. The nature of the wrongful acts perpetrated by the individual defendant police officers was of the kind that each individual defendant was employed to perform, and/or occurred substantially within the time and space limits of each individual defendant's employment, and/or was actuated in whole or part by purpose to serve the employer, and/or involved actual use of force not unforeseeable by the employer.

32. The Perth Amboy Police Department is a public entity and its employees are public employees. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. These wrongful actions were undertaken in the absence of reasonable good faith.

33. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment with the Perth Amboy Police Department but rather were undertaken within the scope of employment. Therefore, the public entity Perth Amboy State Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

34. For all of the reasons explain more fully elsewhere in the Complaint, Plaintiff has suffered permanent/lasting injury as a direct and proximate result of the tortuous and wrongful actions herein complained. The tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately

6

causing the injuries herein complained. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

35. Upon information and belief, the wrongful conduct described above was perpetrated in conjunction with a longstanding and pervasive pattern of improper and excessive force utilized by the employees of the Perth Amboy Police Department.

36. Upon information and belief the discovery phase of this litigation will reveal many instances wherein Perth Amboy Police Department, by and through its employees, has allowed, condoned, encouraged, and otherwise engaged in wrongful excessive and unreasonable force.  Perth Amboy Police Department utterly failed to train and supervise them in order to prevent abuse of members of the public.

<u>CAUSES OF ACTION</u>

<u>COUNT I – VIOLATION OF 42 U.S.C. § 1983</u>

37. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

38. At all times, plaintiff had the Constitutional right to be free from the use of excessive and unreasonable force against his person by the defendants for reasons including (but not limited to) the provisions of U.S. Const. amend. IV and XI.

39. The defendants individually and in concert participated and conspired with one

another (under the color of law) to deprive plaintiff of his civil rights by exercising improper and excessive force against him, as described more fully elsewhere in the Complaint.

40. The defendant officers violated 42 U.S.C. § 1983 by inflicting serious personal injury upon plaintiff by means of improper and excessive force grossly disproportional to any amount of force required to exercise any lawful stop, investigation, restraint, or arrest. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages described more fully elsewhere.

### COUNT II - VIOLATION STATE LAW AND 42 U.S.C. § 1988

41. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

42. For substantially the same reasons as those described above, all of the wrongful acts complained of the defendants as violations of 42 U.S.C. § 1983 and the Federal Constitution also constitute violations of plaintiff's rights under the New Jersey Constitution and violations of New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq.

43. As explained more fully elsewhere, each defendant was acting at all relevant times in furtherance of the interests of Perth Amboy Police Department.

44. As explained more fully elsewhere, plaintiff has suffered material harm and

substantial damages as a direct and proximate result of such wrongful acts and violations of law by the defendants.

### COUNT III - EMOTIONAL DISTRESS INTENTIONALLY/ NEGLIGENTLY INFLICTED

45. The Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

46. As explained above, the officers named in the Complaint repeatedly abused Plaintiff during his arrest. As a result, plaintiff had developed severe pain within his cervical spine and shoulder resulting the need for invasive surgery to the shoulder and pain in the cervical spine.

47. Plaintiff also suffers from Asthma and as can be seen was struggling to breathe during and after his unlawful detention as his condition was exacerbated by the unnecessary force of the officers being wrestled to the ground by multiple officers for tinted windows which were rolled down.

48. This conduct was so extreme and outrageous that it can fairly be said to constitute intentional acts intended to cause emotional distress, or alternatively the conduct was undertaken recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or alternatively the conduct was so negligent that it would cause a reasonable person fright from a reasonable fear of immediate personal injury, and such personal injury did actually occur here.

49. A reasonable person in Plaintiff's position would experience such severe emotional distress no one could be expected to endure, namely reasonable fear of personal injury, actual and lasting personal injury, and a reasonable fear of Police Officers as a result of this incident.

50. This wrongful conduct proximately caused plaintiff to actually suffer all of this emotional distress and all of this fear, and also to suffer serious personal injury. Plaintiff therefore specifically requests punitive damages.

## COUNT IV – FALSE ARREST

51. The Plaintiff repeats and reiterate each and every allegation contained previously in the Complaint and incorporate the same herein by reference as if set forth in their entirety.

52. On December 28, 2023, plaintiff was unlawfully arrested by Perth Amboy Police Officers Figueroa and Reynoso.

53. Plaintiff was arrested against his will and was arrested without proper legal authority, legal justification, or probable cause.

54. Plaintiff was finally charged with Obstructing Justice and Resisting Arrest. The charges were later amended by the prosecutor.

55. There was no justification to arrest plaintiff for the non-moving violation and to abuse him in the process.

56. Plaintiff was materially harmed and is dealing with severe emotional trauma as a result of this false arrest. As such, defendants are liable to plaintiff for damages as a

10

result of the false arrest.

## COUNT V - FUTURE INJURY/ FUTURE MEDICAL EXPENSES/ FUTURE EARNING CAPACITY DAMAGED BY TORT

57. The Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

58. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained to the shoulder and cervical spine.

59. There is a reasonable medical probability that plaintiff will suffer future consequences of the present injury including further loss of use.

60. There is a reasonable probability that plaintiff will incur future medical expenses as a result of the above.

61. The nature of the injury, specifically injuries to plaintiff's shoulder and neck, is of the kind rendering it reasonably probable that his capacity to earn a living will be adversely affected, since plaintiff worked as a landscaper prior to this incident, a job requiring a full functioning and healthy upper body, a job he has not been able to perform since this incident.

62. Here, the quantum of diminishment of future earning capacity can reasonably be determined.

## COUNT VI – PUBLIC EMPLOYEE WRONGFULLY ENFORCING LAW

63. The Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

64. Upon information and belief, defendant Perth Amboy Police Department is a public entity and its employees are public employees.

65. The individual defendant police officers wrongfully executed and enforced the relevant laws and policies binding upon them, for all of the reasons explained more fully elsewhere the Complaint. Among other things, the individual defendants willfully neglected the laws and policies binding upon them to lawfully arrest the plaintiff and do so without excessive force. These wrongful actions were undertaken in the absence of reasonable good faith.

66. A reasonable alternative would have been to mail a citation for tinted windows rather than the use unreasonable, aggressive, and excessive force against Plaintiff.

67. This wrongful execution and enforcement of the law proximately caused harm and damages to the plaintiff, for reasons explained more fully elsewhere in the Complaint.

68. Although these wrongful acts were indeed egregious, they were not undertaken outside the scope of each individual's employment at the Perth Amboy Police Department, but rather were undertaken within the scope of employment. Therefore, the public entity Perth Amboy Police Department should be held vicariously liable for the wrongful acts of the individual defendants.

## COUNT VII – OFFENSIVE PHYSICAL CONTACT THREATENED

69. The Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

70. On or about December 28, 2023, Officer Jorge Figueroa and Sergeant Luis Corro, acting unprovoked, intentionally threatened plaintiff with immediate offensive physical contact.

71. While Plaintiff was seated within his vehicle at the intersection between Madison Ave. and Smith St. in Perth Amboy, Officer Figueroa words and Sergeant Corro's conduct placed Plaintiff in reasonable, imminent, apprehension of offensive physical contact.

72. The Officers unreasonable escalated the situation by first using harsh words followed by even harsher force.

73. Officer Figueroa acted intentionally to place the Plaintiff in reasonable fear of such offensive contact based on the threats made, as well as his proximity to the Plaintiff.

74. As a direct and proximate result of Officers Reynoso, Officer Figueroa and Sergeant Corro's conduct, plaintiff has suffered severe emotional and psychological trauma for which defendants are liable. Plaintiff specifically seeks punitive damages on this count.

## COUNT VIII - INDIVISIBLE HARM/ JOINT AND SEVERAL LIABILITY

75. The Plaintiff repeats and reiterates each and every allegation contained previously in

the Complaint and incorporates the same herein by reference as if set forth in their entirety.

76. For all of the reasons explain more fully elsewhere in the Complaint, plaintiff has suffered permanent/lasting injury as a direct and proximate result of the torts herein complained.

77. For all of the reasons explain more fully elsewhere in the Complaint, the tortious acts of multiple natural persons and/or entities all combined and all contributed as substantial factors proximately causing the injuries herein complained.

78. To the extent that the total injury/loss suffered by plaintiff cannot be subdivided and/or the liability for its several parts cannot be attributed and allocated to individual tortfeasors, plaintiff demands to hold all tortfeasors jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief and judgment against defendants, as follows:

1. For general and consequential damages including (but not necessarily limited to) actual damages, pain and suffering, past and future medical expenses, mental anguish, and loss of earning capacity;
2. For punitive damages;
3. For reasonable attorneys' fees;
4. For costs of suit; and
5. For such further and different relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

Jarred S. Freeman, Esq. is hereby designated as trial counsel for the plaintiff in the above matter.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on March 20, 2025, I electronically filed the foregoing Complaint with the Clerk of the Court via CM/ECF.  I further certify that true copies of the Complaint will be served upon all parties in a manner authorized by law.

## CERTIFICATION OF COUNSEL

I HEREBY CERTIFY that that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the instant pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a

lack of information.

DATED: March 26, 2025                    /s/   *Jarred S. Freeman*

                                                  Jarred S. Freeman, Esq.
                                                  (Attorney ID: 022362009)
                                                  Attorney for Plaintiff
                                                  FREEMAN & PATEL, LLC
                                                  3840 Park Ave., Suite 202A
                                                  Edison, NJ 08820